**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000594
20-JUN-2024
08:14 AM
Dkt. 108 SO**

NO. CAAP-18-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF ISLANDS HOSPICE, INC., Appellant-Appellant,
v.
MALAMA OLA HEALTH SERVICES LLC; STATE HEALTH PLANNING AND
DEVELOPMENT AGENCY, Appellees-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE GOVERNMENTAL UNITS 1-10, AND
DOE ENTITIES 1-10, Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-2117)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen, J., and Circuit Court
Judge Kawashima, in place of Leonard, Acting Chief Judge,
Hiraoka, Wadsworth and Guidry, JJ., recused)

This secondary appeal arises out of a challenge
brought by an existing hospice care provider, Appellant-
Appellant Islands Hospice, Inc. (**Islands Hospice**), against the
Appellee-Appellee State Health Planning and Development Agency's
(**Agency**) approval of a new hospice care provider, Appellee-

Appellee Malama Ola Health Services LLC's (**Malama Ola**) application for a Certificate of Need to provide services.[1]

Islands Hospice appeals from the July 23, 2018 "Order; Notice of Entry" (**Order**) and September 21, 2018 "Final Judgment" (**Judgment**) filed and entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, Islands Hospice contends the Circuit Court erred in affirming the Agency's October 10, 2017 "Decision on the Merits" (**Decision**) approving Malama Ola's Certificate of Need application because: **(1)** the Agency violated HRS § 91-9[3] by

---

[1] Under Hawaii Revised Statutes (**HRS**) Chapter 323D, entitled "Health Planning and Resources Development and Health Care Cost Control," the Agency is charged with promoting accessibility to "quality health care services at reasonable cost." HRS § 323D-12(a)(1) (2010). The Agency reviews applications for Certificates of Need, which are required for any entity seeking to, inter alia, "develop" or "initiate" health care services. HRS § 323D-43(a)(1) (2010).

[2] The Honorable Keith K. Hiraoka presided.

[3] HRS § 91-9 (2012), entitled "Contested cases; notice; hearing; records," applies to contested case hearings, and provides in pertinent part:

> (a)   Subject to section 91-8.5, in any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.
>
> (b)   [(setting forth required contents for the hearing notice)]
>
> . . . .
>
> (e)   For the purpose of agency decisions, the record shall include:
>
>> (1)   All pleadings, motions, intermediate rulings;
>>
>> (2)   Evidence received or considered, including oral testimony, exhibits, and a statement of matters officially noticed;
>>
>> (3)   Offers of proof and rulings thereon;
>>
>> (4)   Proposed findings and exceptions;
>>
>> (5)   Report of the officer who presided at the hearing;

considering "off-record evidence" and failing to "create a record of the evidence received and considered"; **(2)** Malama Ola's application improperly relied "on speculation regarding the need for Supportive Care," which is not a health care service requiring a Certificate of Need under Hawaiʻi Administrative Rules (**HAR**) § 11-186-5;[4] **(3)** the Agency violated HRS § 323D-43 (2010)[5] because it did not rely upon "actual

_____

> > (6)   Staff memoranda submitted to members of the
> >        agency in connection with their consideration
> >        of the case.
>
> (f)   It shall not be necessary to transcribe the record
> unless requested for purposes of rehearing or court review.
>
> (g)   No matters outside the record shall be considered by
> the agency in making its decision except as provided
> herein.

[4]      HAR Chapter 11-186, entitled "Certificate of Need Program," contains the pertinent agency rules.  HAR § 11-186-5, which sets forth "[s]tandard categories of health care services," does not list "Supportive Care"; but pertinently lists "[h]ospice" within the "Special Services" category under subsection (4)(H).

[5]      HRS § 323D-43 (2010), entitled "Certificates of need," provides in pertinent part:

> (b)   No certificate of need shall be issued unless the
> state agency has determined that:
>
>    (1) There is a public need for the facility or the
>        service; and
>
>    (2) The cost of the facility or service will not be
>        unreasonable in the light of the benefits it will
>        provide and its impact on health care costs.
>
> (c)   The state agency may adopt criteria for certificate
> of need review which are consistent with this section.
> Such criteria may include but are not limited to need,
> cost, quality, accessibility, availability, and
> acceptability.
>
>        Each decision of the state agency to issue a
> certificate of need shall . . . be consistent with the
> state health services and facilities plan [(**State Plan**)] in
> effect under section 323D-15. . . .

utilization data or a need methodology that is reliable, probative, and substantial, as required by the State Plan"; and **(4)** the Agency clearly erred in determining "there was no good cause for reconsideration of the Decision."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Islands Hospice's contentions as follows, and affirm.

On May 4, 2017, Malama Ola filed a Certificate of Need application under HRS § 323D-44,[6] seeking to establish hospice services on O'ahu. In this case, the multi-layered agency review process for Certificates of Need set forth in HRS § 323D-45(a)[7]

---

[6]     HRS § 323D-44 (2010), entitled "Applications for certificates of need," sets forth a 90-day period of agency review for Certificate of Need applications as follows:

> (a)   An applicant for a certificate of need shall file an application with the state agency. . . .
>
> Each application shall include a statement evaluating the facility's or service's probable impact on health care costs and providing additional data as required by rule. The statement shall include cost projections for at least the first and third years after its approval.
>
> . . . When the state agency determines that the application is complete, the period for agency review described in subsection (b) shall begin, and the state agency shall transmit the completed application to the appropriate subarea councils, the review panel, the statewide council, appropriate individuals, and appropriate public agencies. . . .
>
> (b)   The state agency shall issue a decision on the application within ninety days after the beginning of the period for agency review . . . .

[7]     HRS § 323D-45 (2010) is entitled "Subarea council, review panel, and statewide council recommendations for issuance or denial of certificates of need." This section contains the review process for Certificates of Need by the subarea council, review panel, and statewide council, which consists of hearing argument and evidence at public meetings, making a recommendation to the Agency, and keeping "a record of the meeting," as follows:

was conducted through public meetings by the Oahuwide Certificate of Need Review Committee as the "subarea council" set forth in the statute; the "CON Review Panel" (**Certificate of Need Review Panel**) as the statutory "review panel"; and the Statewide Health Coordinating Council (**Statewide Council**).

On July 7, 2017, the Oahuwide Certificate of Need Review Committee reviewed Malama Ola's application at a public meeting and recommended disapproval of the Certificate of Need because Malama Ola met only four out of the six Certificate of Need criteria.[8]

---

(a)    Except for an administrative review as provided in section 323D-44.5, . . . the state agency shall refer every application for a certificate of need to the appropriate subarea council or councils, the review panel, and the statewide council.  The subarea council and the review panel shall consider all relevant data and information submitted by the state agency, subarea councils, other areawide or local bodies, and the applicant, and may request from them additional data and information.  The review panel shall consider each application at a public meeting and shall submit its recommendations with findings to the statewide council.  The statewide council shall consider the recommendation of the review panel at a public meeting and shall submit its recommendations to the state agency within such time as the state agency prescribes. The statewide council and the review panel may join together to hear or consider simultaneously information related to an application for a certificate of need.

(b)    At a public meeting in which a subarea council or the review panel considers an application for a certificate of need, any person shall have the right to be represented by counsel and to present oral or written arguments and evidence relevant to the application; any person directly affected by the application may conduct reasonable questioning of persons who make factual allegations relevant to the application; any staff member of the state agency may conduct reasonable questioning of persons who make factual allegations relevant to the application; and a record of the meeting shall be kept.

(Emphases added.)

[8]    The Oahuwide Certificate Review Committee set forth the six Certificate of Need criteria as:  (1) Relation to the State Health Services and Facilities Plan; (2) Need and Accessibility; (3) Quality of Service/Care; (4) Cost and Finances; (5) Relation to the Existing Health Care System;

On July 27, 2017, the Statewide Council reviewed Malama Ola's application at a public meeting, and recommended conditional approval pending submission of a line-of-credit verification from the bank, and cash flow projections for the first three years.

The Agency's Decision noted that on August 31, 2017, Malama Ola submitted "additional information/ modifications to its application[.]"

On September 8, 2017, the Certificate of Need Review Panel conducted its review of Malama Ola's application and recommended approval on October 4, 2017, finding that all six criteria were met.

On October 10, 2017, the Agency issued the Decision approving Malama Ola's Certificate of Need application to provide hospice services on Oahu.

On October 24, 2017, Islands Hospice and other existing hospice providers requested a "public hearing" for reconsideration of the Decision.

On December 8, 2017, the Agency's Reconsideration Committee held a public meeting to determine whether good cause had been shown to convene a "public hearing" for reconsideration of the Decision under HAR § 11-186-82.[9]

---

(6) Availability of Resources.  This committee concluded that "Need and Accessibility" was not met because "[t]he applicant has not demonstrated that there is a current deficit in the supply of hospice services in the service area nor has it demonstrated that there is likely to be a deficit in the near future."  It also concluded that "Cost and Finances" were not met because "[t]he applicant has not demonstrated that sufficient working capital will be available to ensure the project's financial feasibility until Medicare certification is obtained."

[9]      HAR § 11-186-82(b) states:

(b) A request for a public hearing shall be deemed by the committee to have shown good cause, if:

(1) It presents significant relevant information not previously considered by the agency which, with

On December 22, 2017, the Reconsideration Committee denied Islands Hospice's request, issuing a "Written Explanation for Denial of Requests for Reconsideration Hearing" (**Denial of Reconsideration**).

On December 28, 2017, Islands Hospice appealed the Decision and Denial of Reconsideration to the Circuit Court. The Circuit Court entered the July 23, 2018 Order (**7/23/18 Order**) remanding the matter to the Agency under HRS § 91-14(g) to clarify whether it accepted or rejected the Statewide Council's "line of credit recommendation[,]" but affirming the Decision in all other respects.

On September 18, 2018, the Agency issued a Conditional Certification to Malama Ola pursuant to the 7/23/18 Order. The Circuit Court entered the September 21, 2018 Final Judgment, from which Islands Hospice timely appealed.

**(1)** Islands Hospice argues that the Agency violated HRS Chapter 91 (the Hawaiʻi Administrative Procedure Act (**HAPA**)), by "wrongly consider[ing] off-the-record evidence in violation of HRS § 91-9(g)[,]" and by "fail[ing] to maintain a whole record of the [Certificate of Need] application review proceedings for appellate review" under HRS §§ 91-9(e) and (f). Islands Hospice specifically argues that: the Agency's Decision stated that it "expressly considered the oral testimony submitted by the applicant and other affected persons"; the

---

reasonable diligence, could not have been presented before the agency made its decision;

. . . .

(5) The decision of the administrator differs from the recommendation of the statewide council.

(Emphases added.) HRS § 323D-47 provides that "good cause" is "shown" if, inter alia, the request for a public hearing "presents significant, relevant information not previously considered by the state agency[.]"

"oral testimony is entirely absent from the record" because the Agency "failed to transcribe any of the proceedings"; the Agency's "consideration of [such] oral testimony violates the HAPA's requirement that agency decisions be made on record evidence" under HRS § 91-9(g); and the lack of a "whole record" "prejudices an appealing party in its ability to challenge an agency decision." (Cleaned up.)

Malama Ola and the Agency argue that HRS Chapter 91 does not apply because: the Certificate of Need "application review process is not a 'contested case' proceeding" subject to HRS § 91-9; the Agency "did not conduct an 'agency hearing'" under HRS Chapter 91 before issuing its Decision; the "public meetings" by the advisory councils and panel "were not 'agency hearings' as defined by HRS Chapter 91"; and thus, the Agency "was not required to create or maintain a transcript of the oral testimonies submitted to the advisory councils/panels" that "merely made non-binding recommendations[.]" (Emphasis omitted.) These arguments have merit.

To determine whether HRS Chapter 91 and HRS § 91-9 apply requires statutory interpretation, which we review de novo. <u>Keep the North Shore Country v. Bd. of Land & Nat. Res.</u> (**North Shore**), 150 Hawaiʻi 486, 503, 506 P.3d 150, 167 (2022). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." <u>Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui</u>, 147 Hawaiʻi 544, 553, 465 P.3d 991, 1000 (2020) (citation omitted).

"Agency" is defined as a "state or county board, commission, department, or officer authorized by law to make rules or to adjudicate contested cases . . . ." HRS § 91-1 (2012 & 2017 Supp.). An "agency hearing" is a "hearing held by

8

an agency immediately prior to a judicial review of a contested case as provided in section 91-14." Id. A "contested case" is a "proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." Id.

Here, the Oahuwide Certificate of Need Review Committee, the Statewide Council and the Certificate of Need Review Panel do not fall under the definition of "agency" pursuant to HRS § 91-1 because they do not "make rules" or "adjudicate contested cases." These entities are not agencies that hold "agency hearing[s]" under HRS Chapter 91, but rather, conduct "public meetings" prescribed by HRS § 323D-45 and make "recommendations" to the Agency. HRS § 323D-45 requires that "a record of the meeting shall be kept[,]" and the Agency did so here.[10] Thus, the HRS § 91-9 record-keeping requirements for HRS Chapter 91 hearings did not apply to the public meetings in this case.

**(2) and (3)** Islands Hospice argues that the Agency's Decision erroneously concluded that Malama Ola met the "Need and Accessibility" criterion because the Agency's finding "was not based on actual utilization data or a need methodology that is reliable, probative, and substantial, as required by the State Plan"; and was "clearly erroneous given the overwhelming data and studies evidencing no need for an additional hospice provider in Honolulu."

The Agency made the following pertinent findings and conclusions on the "Need and Accessibility" criterion:

> 35. The Agency finds that the anticipated growth in demand for [Hawaii Medical Service Association]'s supportive care

---

[10] The Agency record contains the minutes of the three public meetings summarizing what transpired, retaining a list of those who testified, and recording the votes of the committee members who recommended approval or recommended disapproval of Malama Ola's application.

services will likely impair the current Hospice providers' ability to meet the need for Hospice services on Oahu.

36. The Agency finds that an additional Hospice provider is necessary to ensure that the need for Hospice services will be met.

37. The Agency finds that there is a need for the Proposal.

38. The Agency finds that the need and accessibility criteria have been met.

. . . .

The applicant has met the requisite burden of proof and has shown by a preponderance of the evidence that the Proposal meets the criteria established in Section 11-186-15, HAR.

Accordingly, the Agency hereby determines that, pursuant to Chapter 323D-43(b), HRS:

(1)   There is a public need for this service; and

(2)   The cost of the service will not be unreasonable in light of the benefits it will provide and its impact on health care costs.

An appellate court must determine "whether the circuit court was right or wrong in its decision by applying the standards set forth in HRS § 91-14(g)[11] to the agency's decision." North Shore, 150 Hawai‘i at 502-03, 506 P.3d at 166-67 (footnote added) (citation omitted). We review the record of an agency's decision to determine whether, inter alia, the agency's findings are "[c]learly erroneous in view of the

_____

[11]   Here, even though no contested case hearing was held, the denial of the reconsideration hearing is reviewed as the appealable "final decision and order" under HRS § 91-14, which provides for "[j]udicial review of contested cases." See Kaleikini v. Thielen, 124 Hawai‘i 1, 26, 237 P.3d 1067, 1092 (2010) (holding that the denial of a request for a contested case hearing "constituted a 'final decision and order'" qualifying for judicial review under Chapter 91). HRS § 323D-48(a) (2010) provides for "[j]udicial review of state agency decisions," and states that: "[a]ny person adversely affected by a final decision of the [Agency] with respect to a certificate of need . . . may appeal in the manner provided by chapter 91 to the circuit court . . . ." A "decision on the merits" on a Certificate of Need application "shall become final after there is an opportunity for any person to request a public hearing for reconsideration . . . ." HAR § 11-186-70(c).

reliable, probative, and substantial evidence on the whole record[.]" Id. (quoting HRS § 91-14(g)(5)). Appellate review on a secondary appeal "is further qualified by the principle that the agency's decision carries a presumption of validity and appellant has the heavy burden of making a convincing showing that the decision is invalid." Id. at 503, 506 P.3d at 167 (cleaned up). "Courts review agency conclusions on mixed questions of law and fact under the clear error standard." Id.

> [A] mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made.

Id. at 503, 506 P.3d at 167 (citation omitted).

Here, the Agency detailed its findings necessary to support its mixed factual and legal conclusion that the need criterion was met by the applicable preponderance of the evidence standard of proof. This conclusion was not clear error. See id. Islands Hospice does not point to any statute, rule, or any language in the State Plan that requires the Agency to base its decision on "actual utilization data" or "a need methodology that is reliable, probative, and substantial[.]" This argument goes to the weight of the evidence and Islands Hospice's disagreement with how the Agency resolved conflicts in testimony and submissions, which we do not second-guess on appeal. See Sierra Club v. D.R. Horton-Schuler Homes, LLC, 136 Hawaiʻi 505, 522, 364 P.3d 213, 230 (2015) ("A court reviewing an agency's decision cannot 'consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's finding of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the finding of an expert agency in dealing

11

with a specialized field.'") (citation omitted).  Regarding the State Plan, HRS § 323D-43 requires the Agency's decision on Certificate of Need to "be consistent" with the State Plan. Whether the Agency determined the need criterion in a manner "consistent" with the State Plan is a mixed question of fact and law for which the Agency must be accorded deference, given the Agency's "expertise and experience in the particular field[.]" See Dole Haw. Div.-Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990) ("Where both mixed questions of fact and law are presented, deference will be given to the agency's expertise and experience in the particular field and the court should not substitute its own judgment for that of the agency.") (citation omitted).

We conclude that the Agency's mixed determination of law and fact that Malama Ola's Certificate of Need application met the "Need and Accessibility" criterion was supported by substantial evidence and was not clear error.  See North Shore, 150 Hawaiʻi at 503, 506 P.3d at 167.

**(4)** Islands Hospice argues that the December 22, 2017 Denial of Reconsideration was clearly erroneous because there was good cause for reconsideration in light of "significant relevant information" that the Agency had not previously considered, i.e. a December 8, 2017 study done by Simione Healthcare Consultants, LLC (**Simione Consultants**).  This argument is unpersuasive.

Here, the record reflects that the Reconsideration Committee considered the "written requests for reconsideration, the written testimony, exhibits, attachments and the supplementary material submitted by the persons who made the requests, and the oral testifiers at the good cause meeting." These submissions were from four healthcare entities, including

Islands Hospice and Simione Consultants.  The Reconsideration Committee concluded, following a December 8, 2017 public meeting on the four entities' requests for reconsideration, that there was no "good cause" shown under HRS § 323D-47, warranting a public hearing for reconsideration.  The Reconsideration Committee's determination that "there was no significant, relevant information presented, not previously considered" by the Agency to constitute "good cause" under HRS § 323D-47, is a mixed question of fact and law, which must be accorded deference, and was not clear error.  See Dole Haw. Div.-Castle & Cooke, 71 Haw. at 424, 794 P.2d at 1118.

We conclude that Islands Hospice's contentions on appeal are without merit, and the Circuit Court did not err in affirming the Agency's Decision.  See North Shore, 150 Hawaiʻi at 502-03, 506 P.3d at 166-67.

For the foregoing reasons, we affirm the July 23, 2018 "Order; Notice of Entry" and the September 21, 2018 "Final Judgment," both filed and entered in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, June 20, 2024.

On the briefs:

Claire Wong Black
for Appellant-Appellant
ISLANDS HOSPICE, INC.

Regan M. Iwao
for Appellee-Appellee
MALAMA OLA HEALTH SERVICES,
LLC

Angela A. Tokuda
Deputy Attorney General
for Appellee-Appellee
STATE HEALTH PLANNING &
DEVELOPMENT AGENCY

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ James S. Kawashima
Circuit Court Judge